**DYKEMA GOSSETT LLP**
Jon D. Cantor (SBN: 91852)
*jdcantor@dykema.com*
Abirami Gnanadesigan (SBN: 263375)
*agnanadesigan@dykema.com*
333 South Grand Avenue
Suite 2100
Los Angeles, CA 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

Attorneys for Plaintiff
TNG WORLDWIDE, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TNG WORLDWIDE, INC., a Michigan Corporation,<br><br>Plaintiff,<br><br>v.<br><br>BEAUTICOM, INC., a California Corporation<br><br>Defendant. | Case No. 2:19cv02802RSWL-AFMx<br><br>[~~PROPOSED~~] **STIPULATED PERMANENT INJUNCTION ON CONSENT**<br><br>**The Honorable Ronald S.W. Lew**<br>United States Courthouse<br>350 W. 1st Street, Suite 4311<br>Los Angeles, CA 90012<br>Courtroom location to be noticed |

Plaintiff, TNG Worldwide, Inc., and Defendant, Beauticom, Inc., having advised the Court that they have settled this Civil Action as relates to the claims between them, which compromise and settlement includes among its provisions the entry of injunctive relief, and Plaintiff and Defendant having submitted this Permanent Injunction to the Court, on full consent as indicated below:

**IT IS HEREBY ORDERED AND ADJUDGED that:**

1. Defendant, including its predecessors, successors, subsidiaries, owners, parents, partners, joint ventures, affiliates, directors, stockholders, members, managers, officers, agents, servants, employees, attorneys, consultants, insurers,

insureds, sureties, and all persons and entities acting in concert with or that are in privity with Defendant, (collectively, "Defendant"), is hereby permanently enjoined and restrained from (a) infringing any of Plaintiff's intellectual property rights, including, but not limited to Plaintiff's images, photographs, copyrights, trade names, trade dress, and trademarks, and (b) making any use, by posting on any website, online marketplace or otherwise, of Plaintiff's copyrighted images and photographs, and any derivative works (each an "Image", collectively, "Images").

2.     Defendant shall immediately cease all use of Plaintiff's Images. Defendant shall also take all reasonable measures to avoid infringing any of Plaintiff's intellectual property rights, including, but not limited to Plaintiff's Images, copyrights, trade names, trade dress, and trademarks, in the future.

3.     Defendant shall disable access to any post(s) or webpages, and remove all content associated therewith, on Defendant's internet platform, Amazon or any other third party platform that contain Plaintiff's Images no later than (a) 24 hours of Defendant's receipt of notice of infringement provided by Plaintiff; or (b) 24 hours after Defendant identifies an infringing post. If Defendant fails to disable access and remove all infringing content within 24 hours, Defendant shall pay to Plaintiff, as liquidated damages, $15,000 per day for each infringing image.

4.     Within 24 hours after the notice by Plaintiff or identification by Defendant of any images or posts containing content that infringes Plaintiff's Images, Defendant shall also provide notice to any third parties (including, but not limited to, Amazon, Facebook, or any other advertising or online sales platform) to which Defendant provided the infringing content that such content infringes Plaintiff's copyright rights, that the third parties are not authorized to use such content, and that the third parties shall cease all use thereof, including distributing, displaying, copying, and creating derivative works therefrom. If Defendant fails to provide such notice within 24 hours, Defendant shall pay to Plaintiff, as liquidated damages, $15,000 per day for each infringing image.

5. All liquidated damages payable hereunder shall be paid to Plaintiff within seven (7) days of the event requiring payment.

6. Within ten (10) days of the entry of this Order, Defendant shall (a) provide written notice to Plaintiff of all websites (including third party websites), applications or physical locations that sell Defendant's products and any other domain name for use with the sale of such products with a registrar that is domiciled in the United States.

7. If Defendant materially violates any of the terms of this Stipulated Permanent Injunction, there will be a rebuttable presumption that such violation, and any infringement associated with it, has been, and continues to be, willful. Also, it will be presumed that any such violation causes irreparable harm.

8. Violations of this permanent injunction shall initially be referred to Judge Enrique Romero (Ret.), or Signature Resolution, for final determination.

9. Should no resolution be reached following the procedure provided in number 8 above, this Court shall retain jurisdiction to enforce this permanent injunction.

**IT IS SO ORDERED.**

DATED: November 3 , 2020        /S/ RONALD S.W. LEW
                                **Honorable Ronald S.W. Lew**
                                **United States District Court Judge**